The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence with regard to the credit issue and the medical treatment payment issue.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, the Commission has jurisdiction over the parties and the subject matter, and the employment relationship existed between the parties at the relevant time.
2. The defendant is a duly qualified self-insured, with Crawford and Company as the adjusting agent.
3. Plaintiff's compensation rate was $194.00 per week.
4. Plaintiff was paid one hundred and four (104) weeks of compensation pursuant to the Opinion and Award of Deputy Commissioner John Charles Rush, which was filed on January 29, 1988, as a result of having been diagnosed with Asbestosis, Grade II.
5. The following exhibits were received into the record:
 a. Plaintiff's Exhibit 1 — twelve pages, September 19, 1991 Occupational Health Examination;
 b. Plaintiff's Exhibit 2 — eleven pages, February 16, 1993 Occupational Pulmonary Evaluation;
 c. Plaintiff's Exhibit 3 — three pages, January 31, 1984 Advisory Medical Commission Report;
 d. Plaintiff's Exhibit 4 — twenty pages, Medical Records; and
 e. Plaintiff's Exhibit 5 — six pages, Reports from Dr. Liebert Devine.
6. The issues for determination are:
 a. Whether plaintiff had lost wage earning capacity as a consequence of the compensable occupational disease;
 b. Whether plaintiff is entitled to further compensation pursuant to N.C. GEN. STAT. 27-29, N.C. GEN. STAT. 97-30, or N.C. GEN. STAT. 97-31 (24); and
 c. Whether plaintiff is entitled to compensation for ongoing medical expenses related to the occupational disease.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a seventy-two year old male who was employed from 1940 through 1969 as a pipe insulator with defendant-employer. From 1969 through July 17, 1985, plaintiff worked as a supervisor over a crew of pipe insulators.
2. Plaintiff was first examined by the Advisory Medical Committee January 4-7, 1984 by Drs. H.F. Easom, O.L. Henry, Jr., and Hillis L. Seay. Following this examination, it was found that plaintiff had asbestosis, grade II, seventy percent (70%) disability.
3. Plaintiff began to experience respiratory difficulties in the 1970s; and in 1985, plaintiff observed that he had shortness of breath, especially when walking or climbing steps.
4. The area in which plaintiff worked in 1985 consisted of work levels seven or eight decks high, which would require more climbing. At the same time, plaintiff had a new foreman who expected the supervisors to perform more of the actual work. Although plaintiff had not planned to take early retirement, he felt unable to continue to work in a manner consistent with the new foreman's expectations due to his shortness of breath.
5. Plaintiff did not voice concerns about his breathing problems limiting his work to anyone at defendant-employer. Similarly, plaintiff did not report his breathing limiting his ability to work to Dr. Cecil Rand, at his annual check-up in March of 1986.
6. On or about September 19, 1991, plaintiff underwent a second Advisory Medical Committee evaluation at which time Dr. Hayes rated plaintiff as having a Grade III pulmonary impairment, with a thirty to forty percent impairment of the whole person.
7. Under the 1991 rating, plaintiff could only work at full capacity for reduced periods of time, or at reduced capacity for longer periods of time.
8. In December of 1993, plaintiff underwent the third Advisory Medical Committee examination, at which time no significant change was noted in plaintiff's condition.
9. On or about February 16, 1993, Dr. Hayes noted that plaintiff's condition of moderately severe impairment is a permanent condition which is related to the asbestosis. Plaintiff's shortness of breath is also related to the asbestosis.
10. Plaintiff's tolerance to activity is normal as related to his age. Plaintiff's pulmonary function studies place him in the category of mild obstructive lung disease as a result of the asbestosis.
11. Dr. Liebert Devine, plaintiff's family doctor, has found no deterioration or limitation of plaintiff's functioning from a clinical standpoint from May 1981 through September of 1994.
12. Plaintiff has made no effort to look for other employment since taking early retirement.
13. Plaintiff retired with full benefits.
14. Plaintiff was removed from asbestosis exposure in 1979.
15. While Dr. Hayes has noted an impairment of plaintiff's ability to work, no physician has found plaintiff to be disabled from work as a result of the asbestosis.
16. In August of 1994, Dr. Rand noted that plaintiff reported no decrease in shortness of breath with walking at a slow pace or climbing one flight of stairs. No other daily activities were reported as limited.
17. In September of 1994, Dr. Devine noted no complaints of shortness of breath or inability to perform normal daily functioning by plaintiff.
* * * * * * * * * * *
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has failed to carry the burden of proof to establish that he is entitled to compensation for total disability as a result of his asbestosis. N.C. Gen. Stat. 97-2
(9); 97-29.
2. Plaintiff has made no effort following his voluntary retirement to seek other employment. Therefore, plaintiff is not entitled to elect a remedy under N.C. Gen. Stat. 97-30.
3. Plaintiff is entitled to compensation pursuant to N.C. Gen. Stat. 97-31(24) for permanent injury to his lungs in the amount of $20,000.00.
4. Defendant is not entitled to a credit for the 104 weeks paid to plaintiff pursuant to N.C. Gen. Stat. 97-61.5 (b).
5. Plaintiff is entitled to payment, by defendant, of all medical expenses incurred, or to be incurred, as a result of his asbestosis. N.C. Gen. Stat. 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendant shall pay $20,000.00 to plaintiff pursuant to N.C. Gen. Stat. 97-31(24) for the permanent injury to his lungs. Defendant shall pay interest on this amount in accordance with N.C. Gen. Stat. 97-86.2.
2. Defendant shall pay all medical expenses incurred, or to be incurred, as a result of his asbestosis.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this Award, excluding the interest due, is approved for plaintiff's counsel. Twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to his counsel.
4. Defendant shall pay the costs of this appeal.
This is the 10th day of October, 1996.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________ J. RANDOLPH WARD COMMISSIONER
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER